UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| DeJuan Evan Maxwell,     #267517, | ) | C/A No. 4:11-1636-CWH-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Grand Strand Hospital, Unknown Defendants; | ) | (Partial Summary Dismissal) |
| Brandon Lee, Deputy Sheriff; | ) | |
| Horry County Solicitor's Office; | ) | |
| Brad Harris; Mike O'Sullivan; and | ) | |
| Unknown Female Defendant, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

DeJuan Evan Maxwell ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a state prisoner and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint seeks damages from a hospital, and various government employees, including a law enforcement officer.[2] The Complaint alleges Defendant Lee and Defendant Grand Strand Hospital violated Plaintiff's constitutional rights by forcibly taking Plaintiff's blood without Plaintiff's consent or a court order. ECF No. 1 at 3-4. The Complaint also alleges that the Defendants violated medical privacy laws and various state laws by releasing Plaintiff's medical information concerning an infectious disease. *Id*. Plaintiff claims violation of the "right to Due Process, Medical Privacy Act, Religious Rights," as well as "discrimination" and state laws, such

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

as defamation, "neglect," theft, and perjury. *Id*. at 2. Plaintiff seeks monetary damages. The Complaint names Defendants, the Horry County Solicitor's Office and three individual solicitors, that have immunity from suit in this § 1983 action. The Complaint also fails to state a claim against Defendant Grand Strand Hospital. The Defendant Solicitor's Office, the individual solicitors, and the hospital should be dismissed as party Defendants.

## INITIAL REVIEW

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). The same standard of review applies in cases filed by prisoners seeking a remedy against government entities, officers, or employees. 28 U.S.C. § 1915A (a).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 5 (1980). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. at 9; *Cruz v. Beto*, 405 U.S. 319 (1972). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

DISCUSSION

Plaintiff alleges Defendant Lee, an officer with the Horry County Sheriff's Department, transported Plaintiff to the Grand Strand Hospital, where he held Plaintiff down while an unknown nurse took blood from Plaintiff. Plaintiff alleges he did not consent to his blood being taken, and that Defendants Lee and Grand Strand Hospital did not have a court order to take his blood. The hospital allegedly subsequently released "private medical information" to Officer Lee, who allegedly released the information to Plaintiff's "lawyer, solicitors, courts, and the public," apparently during a court proceeding. ECF No. 1 at 4.

The Complaint names the Horry County Solicitor's Office, and three individual solicitors (Defendants Harris, O'Sullivan and "Unknown Female Defendant of the Horry County Solicitors Office") as party Defendants in this case. *Id.* at 2. The Complaint states that "an unknown female solicitor in open Court upon sentencing told the press, Judge, attorneys" that Plaintiff had an infectious disease, "violating Federal, state, laws deformation of character. Right to Medical Privacy laws." *Id.* The Complaint alleges the solicitors "lied to judge at sentencing if I'm HepC Negative. They committed perjury and neglect." *Id.* The Complaint further alleges Defendant Harris "discriminated against Plaintiff." *Id.*

In *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." The Complaint's factual allegations concerning the actions of the solicitors who prosecuted Plaintiff's criminal case indicate that the actions of the Defendant solicitors were within the context of criminal proceedings and court

3

hearings, such as Plaintiff's sentencing on criminal charges. Thus, Defendants Harris, O'Sullivan, and the "unknown female" solicitor have absolute prosecutorial immunity from suit in this § 1983 action, and should be dismissed as party Defendants.

The caption of the Complaint includes the Horry County Solicitor's Office. It appears the Solicitor's Office was included to describe the place of employment for the three individual solicitors named as Defendants. In the list of Defendants on the second page of the Complaint, Plaintiff lists the names of the individual solicitors followed by the phrase "of the Horry Counties Soliciators Office." ECF No. 1 at 2. The Solicitor's Office is not mentioned in the statement of claim or request for relief. However, even if Plaintiff intended to sue the Solicitor's Office, the Complaint fails to state a claim. Any claims that could be attributed to the Solicitor's Office are based solely on vicarious liability, otherwise know as the doctrine of *respondeat superior*. It is well-settled that liability under § 1983 cannot be based upon *respondeat superior*. *Monell v. Dep't. of Social Services*, 436 U.S. 658, 691 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir.1977)(vicarious liability is not applicable in § 1983 actions). Plaintiff cannot state a claim under § 1983 against the Solicitor's Office on the basis of actions taken by individual solicitors employed at the Solicitor's Office. Because the Complaint fails to state a claim against Defendant Horry County Solicitor's Office, this Defendant should be dismissed as a party Defendant.

The Complaint claims the Defendant Grand Strand Hospital violated Plaintiff's federal rights by forcibly taking Plaintiff's blood without a court order, and then released Plaintiff's private medical information by telling Defendant Lee that Plaintiff "was Hep C positive without a court order." ECF No. 1 at 3. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at*

*Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges violation of the Fourth Amendment and "religious rights" based on the seizure of his blood. The Complaint, however, does not allege that Grand Strand Hospital, or "unknown defendants" and/or "unknown nurses" associated with the hospital, acted under color of state law. To become state action, private action must have a "sufficiently close nexus" with the state that the private action "'may be fairly treated as that of the State itself.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). No facts alleged support an inference that private action by the hospital, or hospital employees, was converted to state action. Even if state action could be attributed to the Defendant Hospital, any liability based on the allegations in the Complaint would be based on vicarious liability. Plaintiff cannot state a claim under § 1983 against the Hospital on the basis of actions taken by individual nurses, or other employees, employed by the Defendant Hospital. *Monell*, 436 U.S. at 691; *Vinnedge*, 550 F.2d at 927-929 & nn. 1-2.

Plaintiff also claims Defendant Hospital violated "federal laws, HIPPO, G.H.S." by releasing medical information to Defendant Lee without a court order. It can be inferred that Plaintiff refers to HIPAA, the Health Insurance Portability and Accountability Act ("HIPPA"), which "governs the confidentiality of medical records and regulates how and under what circumstances 'covered

entities' may use or disclose 'protected health information' about an individual." *U.S. v Elliott*, 676 F.Supp.2d 431, 436 (D.Md. 2009). HIPAA limits enforcement of the statute to the Secretary of Health and Human Services, thus Congress did not intend for private enforcement, and the statute does not support a private right of action. 42 U.S.C. § 1320d-05; *see also Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006)(Congress did not intend for a private right of action under HIPAA; collecting cases); *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1080 (9th Cir.2007) (noting that HIPAA provides for no private right of action); *Werdehausen v. Benicorp Insurance Company*, 487 F.3d 660, 668 (8th Cir.2007)(no private right of action); *Agee v. United States of America*, 72 Fed. Cl. 284 (2006)(holding that HIPAA does not provide for a private cause of action and citing cases). Because the Complaint fails to state a claim against Defendant Grand Strand Hospital, this Defendant should be dismissed as a party Defendant.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss *without prejudice* Defendant Grand Strand Hospital, Defendant Horry County Solicitor's Office, Defendant Harris, Defendant O'Sullivan, and Defendant "Unknown Female" of the Horry County Solicitor's Office. The case will proceed against Defendant Lee. **Plaintiff's attention is directed to the notice on the following page.**

                       Joseph R. McCrorey
                       United States Magistrate Judge

October 4, 2011
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).