IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DeJuan Evan Maxwell, ) | Civil Action No.: 4:11-1636-CWH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Grand Strand Hospital, Unknown ) | |
| Defendants; Brandon Lee, Deputy ) | |
| Sheriff; Horry County Solicitor's Office; ) | |
| Brad Harris; Mike O'Sullivan; and ) | |
| Unknown Female Defendant, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

  The plaintiff, DeJuan Evan Maxwell, is a state prisoner in the custody of the South Carolina Department of Corrections in the Tyger River Correctional Institution, in Enoree, South Carolina. Proceeding pro se and in forma pauperis, Maxwell filed this Section 1983 action against the above-captioned defendants, alleging that the defendants Brandon Lee and Grand Strand Hospital violated his constitutional rights by forcibly taking his blood without his consent or a court order. Maxwell's complaint also alleged that the defendants violated medical privacy laws and various state laws by releasing his medical information concerning an infectious disease.

  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation. On October 4, 2011, the magistrate judge issued a report recommending that

the District Court dismiss the defendants Grand Strand Hospital, Horry County Solicitor's Office, and three individual solicitors (Brad Harris, Mike O'Sullivan, and the "Unknown Female" of the Horry County Solicitor's Office) without prejudice. (ECF No. 11). The magistrate judge specifically advised Maxwell of the procedures and requirements for filing objections to the report and the serious consequences if he failed to do so. Maxwell has filed no objections and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 271 (1976). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. In the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record in this matter, the applicable law, and the report and recommendation of the magistrate judge, the Court agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the report and recommendation (ECF No. 11) by reference in this Order. The complaint is dismissed without prejudice and without issuance and service of process as to the defendants Grand Strand Hospital, Horry County



Solicitor's Office, Brad Harris, Mike O'Sullivan, and the "Unknown Female" of the Horry County Solicitor's Office. The case shall proceed against the defendant Brandon Lee.

**AND IT IS SO ORDERED.**

*/s/ C. Weston Houck*
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

December 2, 2011
Charleston, South Carolina