

2012 APR 12 P 3: 03

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| Dejuan Evan Maxwell, | ) | Civil Action No.: 4:11-cv-01636-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Brandon Lee, Deputy Sheriff, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Dejuan Evan Maxwell, proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation (R&R). After the case was brought into proper form, the above-captioned defendant, Brandon Lee, Deputy Sheriff, was served.[1] The defendant filed a motion for summary judgment, and on March 2, 2012, the magistrate judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. (ECF No. 30). The Roseboro order was returned as undeliverable to the Clerk of Court,

---

[1] The magistrate judge recommended the dismissal of the other defendants, and the Court issued an Order adopting the recommendation on December 7, 2011. (ECF No. 20).



despite the fact that the plaintiff had previously been ordered to keep the Court informed of any change of address. (ECF No. 32).

On March 14, 2012, the magistrate judge issued an R&R recommending that the complaint be dismissed with prejudice in accordance with Fed. R. Civ. P. 41(b), and advising the plaintiff that if he notified the Court within the time set for filing objections to the R&R that he wished to continue the prosecution of this case, and provided his current address, the Clerk of Court would vacate the R&R and return the file to the magistrate judge for further disposition. (ECF No. 33). The magistrate judge specifically advised the plaintiff that if he did not file any objections, the R&R would be forwarded to the undersigned for disposition. The plaintiff has filed no objections and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 271 (1976). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. In the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district



court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the R&R of the magistrate judge, the Court agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the report and recommendation by reference in this Order. The plaintiff's complaint is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

April __, 2012
Charleston, South Carolina